UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEFFERY R. BURNETT,

       Plaintiff,

                                                          Case No. 2:06-cv-164

v.                                                         HON. R. ALLAN EDGAR

CHIPPEWA COUNTY SHERIFF
DEPARTMENT, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

       Plaintiff Jeffery R. Burnett filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Chippewa County Sheriff Department, Chippewa County Sheriff, Michigan State Police, Sergeant Joseph Shier, Trooper Nathan Grenfell, Trooper Ailene Bitnar, Prosecuting Attorney Brian Peppler, Prosecuting Attorney Marsha Teysen, and Prosecuting Attorney Eric Blubaugh. Defendants Bitnar, Grenfell, Shier and Michigan State Police have filed motions to dismiss (docket #20 and #29). For the reasons set forth below, the undersigned now recommends dismissal of Plaintiff's complaint in its entirety.

       Initially, the undersigned notes that Plaintiff has filed numerous civil cases in this court over the last ten years. The majority of these cases have been dismissed as frivolous:

1.     *Burnett v. Quist, et al.*, No. 2:97-cv-322 (W.D. Mich. 1997) (dismissed as frivolous on December 9, 1997).

2.     *Burnett v. State of Michigan, et al.*, No. 2:97-cv-271 (W.D. Mich. 1997) (dismissed as frivolous on November 24, 1997).

3. *Burnett v. Doctoroff, et al.*, No. 2:97-cv-240 (W.D. Mich. 1997) (dismissed as frivolous on December 9, 1997).

4. *Burnett v. Brown, et al.*, No. 2:95-cv-46 (W.D. Mich. 1995) (dismissed as frivolous on March 28, 1995).

5. *Burnett v. McKeague*, No. 2:94-cv-355 (W.D. Mich. 1995) (dismissed as frivolous on March 23, 1995).

6. *Burnett v. Nelson, et al.*, No. 2:94-cv-354 (W.D. Mich. 1995) (dismissed as frivolous and failing to state a claim on February 28, 1995).

7. *Burnett v. Jones, et al.*, No. 2:94-cv-353 (W.D. Mich. 1995) (dismissed as frivolous on February 24, 1995).

8. *Burnett v. Greeley, et al.*, No. 2:94-cv-245 (W.D. Mich. 1994) (dismissed as frivolous on October 13, 1994).

9. *Burnett v. United States, et al.*, No. 2:94-cv-59 (W.D. Mich. 1994) (dismissed as frivolous on May 5, 1994).

10. *Burnett v. Riggle*, No. 2:93-cv-180 (W.D. Mich. 1993) (dismissed as frivolous on October 8, 1993).

11. *Burnett v. Michigan, et al.*, No. 2:93-cv-153 (W.D. Mich. 1993) (dismissed as frivolous on September 14, 1993).

12. *Burnett v. Chippewa County Bar Assoc., et al.*, No. 2:93-cv-152 (W.D. Mich. 1993) (dismissed as frivolous and lacking subject matter jurisdiction on August 23, 1993).

13. *Burnett v. Lake Superior State Univ., et al.*, No. 2:93-cv-119 (W.D. Mich. 1993) (dismissed as failing to state a claim upon which relief may be granted).

14. *Burnett v. Lindsay & Lindsay, LLP*, No. 2:97-cv-287 (W.D. Mich. 1998).

In addition, summary judgment and/or dismissal was granted to defendants in other cases filed by Plaintiff:

1. *Burnett v. Mulhauser*, No. 2:97-cv-161 (W.D. Mich. 1997).

2. *Burnett v. McDonald*, No. 2:97-cv-159 (W.D. Mich. 1997).

    3.    *Burnett v. Chippewa County Sheriff, et al.*, No. 2:93-cv-6 (W.D. Mich. 1994).

    4.    *Burnett v. Marquette General Hospital*, No. 2:97-cv-166 (W.D. Mich. 1998).

    5.    *Burnett v. Lindsay & Lindsay, LLP*, No. 2:97-cv-287 (W.D. Mich. 1998).

    6.    *Burnett v. Judicial Tenure Commission*, No. 2:97-cv-160 (W.D. Mich. 1998).

Finally, the undersigned notes that Plaintiff failed to prosecute at least two of the cases he filed:

    1.    *Burnett v. Ulrich, et al.*, No. 2:97-cv-253 (W.D. Mich. 1997) (dismissed for want of prosecution on October 6, 1997).

    2.    *Burnett v. Logsdon, et al.*, No. 2:93-mc-5 (W.D. Mich. 1993).

In the opinion of the undersigned, the matter should be dismissed as failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii). A complaint may be dismissed for failure to state a claim if the court determines that the plaintiff would not be entitled to relief, even if everything alleged in the complaint was true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). Following a careful review of the record in this case, the undersigned notes that Plaintiff's complaint in this case is largely incomprehensible. Plaintiff appears to be asserting in his complaint that he is innocent of stalking a minor and possession of child sexually abusive material and, therefore, should never have been arrested. However, Plaintiff also admits that he pleaded guilty to these charges. Plaintiff does not specify any facts showing that his federal rights were violated by any of the named defendants.

Moreover, Plaintiff may not maintain a § 1983 action against the Michigan State Police. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst*

*State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In addition, the State of Michigan (acting through the Michigan State Police) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Michigan State Police is properly dismissed from this action.

In addition, Defendants Peppler, Teysen and Blubaugh are also entitled to absolute immunity for thier actions in prosecuting the criminal action against Plaintiff. The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Kalina*, 522 U.S. at 130; *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989). The Supreme Court has held that a prosecutor is absolutely immune for the initiation and pursuit of a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Lomaz*, 151 F.3d at 497. Acts which occur in the course of the prosecutor's role as advocate, such as those at issue in this case, are entitled to protection of absolute immunity in contrast to investigatory or administrative functions that are normally performed by a detective or police officer. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276-78 (1993); *Grant*, 870 F.2d at 1137. Accordingly, Defendants Peppler, Teysen and Blubaugh are entitled to immunity.

The undersigned further recommends dismissal of Plaintiff's claims against the Chippewa County Sheriff's Department. The sheriff's department does not exist as a separate legal entity; it is simply an agent of the county. *Vine v. County of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995) (citing *Hughson v. County of Antrim*, 707 F. Supp. 304, 306 (W.D. Mich. 1988) and *Bayer v. Almstadt*, 185 N.W.2d 40, 44 (1970)). Chippewa County may only liable under § 1983 when its policy or custom causes the injury. *Monell v. Department of Social Services*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38 (1978). Plaintiff's allegations are vague and conclusory. Plaintiff's complaint does not allege that Chippewa County operated pursuant to an unconstitutional policy or custom. Nor does the complaint allege that Chippewa County was responsible for any of the actions or inactions taken by employees of the Chippewa County Sheriff's Department. Even if employees of the Chippewa County Sheriff's Department did violate Plaintiff's constitutional rights, it cannot be held responsible for their conduct under Section 1983 simply because the county employed them. *Watson*, 40 Fed. Appx. at 89 (*citing Monell*, 436 U.S. at 691, 98 S. Ct. at 2036 and *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997), *cert. denied*, 523 U.S. 1118, 118 S. Ct. 1796 (1998)).

Finally, with regard to Defendants Chippewa County Sheriff, Shier, Grenfell and Bitnar, the undersigned notes that Plaintiff has failed to allege any specific facts showing that they violated his constitutional rights. Therefore, the undersigned recommends that Plaintiff's claims against Defendants Chippewa County Sheriff, Shier, Grenfell and Bitnar be dismissed.

The undersigned therefore recommends that Defendants' motions to dismiss (docket #20 and #29) be granted and that Plaintiff's complaint be dismissed in its entirety for failure to state a claim. In addition, should the court adopt the report and recommendation in this case, the undersigned recommends that Plaintiff's pending motions (docket #28, #34, #35 and #46) be denied as moot.

- 6 -

Finally, for the same reasons that the undersigned recommended dismissal of this action, the undersigned discerns no good-faith basis for an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1961).

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
      TIMOTHY P. GREELEY
      UNITED STATES MAGISTRATE JUDGE

Dated:   May 25, 2007